UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

            Plaintiff,

v.

POINTE PHYSICAL THERAPY, LLC,
et al.,

            Defendants.
_____/

Case No. 14-cv-11700

Paul D. Borman
United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

## OPINION AND ORDER (1) DENYING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE DAVIS'S JUNE 16, 2016 ORDER (ECF NO. 167), (2) AFFIRMING THE MAGISTRATE JUDGE'S JUNE 16, 2016 ORDER, (3) DEEMING PHASE I OF DISCOVERY COMPLETE AND AUTHORIZING STATE FARM TO ISSUE THE REQUESTED THIRD PARTY BANK SUBPOENAS and (4) SETTING STATUS CONFERENCE FOR **TUESDAY, NOVEMBER 1, 2016 AT 2:00 P.M.**

Before the Court is Defendants Amale Bazzi and Pointe Physical Therapy, LLC's Partial Objection to Magistrate Judge Davis's June 16, 2016 Order Denying Motion for Leave to Issue Subpoenas Under Phase I Discovery. (ECF No. 169, Objections; ECF No. 167, 6/16/16 Order.) Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed a Response to the Partial Objection (ECF No. 171) and Defendants filed a Reply (ECF No. 173). Having reviewed the Order and the Objections pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the Court concludes that Magistrate Judge Davis's rulings were neither clearly erroneous nor contrary to law and therefore DENIES Defendants' Partial Objection and AFFIRMS the Magistrate Judge's Order.

1

The Court further Orders that Phase I of the discovery schedule, as contemplated by Magistrate Judge Hluchaniuk's October 5, 2015 Order (ECF No. 138), is sufficiently complete and authorizes the parties to immediately proceed with full discovery without further "phasing." With respect to specific individual patient information, discovery shall continue to be limited to the original 209 patients listed in State Farm's Complaint. The Court further Orders that State Farm may proceed to issue the third-party bank subpoenas as requested in their Motion for Clarification (ECF No. 147). Finally, the Court sets a status conference for **Tuesday, November 1, 2016 at 2:00 p.m.** to finalize the remaining scheduling order dates in this matter.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit

has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### III. ANALYSIS

As an initial matter, the Court notes that the Defendants' "partial objection" is really not an objection at all. As Defendants concede in their Reply, "[b]y partially objecting to Magistrate Judge Davis's Order, defendants simply hoped to educate the Court on the issues yet to be resolved in Phase One." This is an improper objection and served only to convince the Court, as discussed below, that any further "phasing" of discovery in this case will result in an inefficient expenditure of both the parties' and the Court's time and resources. Accordingly, the Court **AFFIRMS** Magistrate Judge Davis's June 16, 2016 Order Denying Motion for Leave to Issue Subpoenas Under Phase I Discovery and issues the following additional **ORDERS**.

Neither party filed objections to Magistrate Judge Hluchaniuk's October 5, 2015 Order phasing discovery in this matter, and the parties proceeded to engage in discovery under the terms of that Order for approximately eight months before State Farm filed the Motion for Clarification that is the subject of these Objections. From a review of Defendants' responses to State Farm's First Sets of Interrogatories and Document Requests, *see, e.g.,* ECF No. 171, State Farm's Response to Objections Exs. 3-7, which nearly uniformly object that each request seeks information outside the scope of Magistrate Judge Hluchaniuk's Order, it is clear to the Court that further "phasing" will no longer serve to facilitate discovery and streamline the progress of this case.

Accordingly, the Court agrees with Magistrate Judge Davis that it is time for the "next phase" of discovery and concludes that "Phase I" is satisfactorily complete. The Court **ORDERS** that full discovery may commence immediately, still limited with respect to specific patient information to the 209 patients identified in State Farm's Complaint.

Further, as Defendants have not objected to that portion of Magistrate Judge Davis's Order concluding that the third-party subpoenas that State Farm seeks to issue are relevant and not unduly burdensome, and therefore appropriate for the "next phase" of discovery, the Court **ORDERS** that State Farm may proceed with issuance of the third-party bank subpoenas as requested in their Motion for Clarification (ECF No. 147).

Finally, at the June 2, 2016 hearing before Magistrate Judge Davis, both Magistrate Judge Davis and the parties expressed an interest in establishing a process that would permit the parties to informally address discovery issues with the Magistrate Judge before filing *any* discovery motions. (ECF No. 168, Transcript of June 2, 2016 Motion Hearing at 60-61.) To facilitate such a process, the Court **ORDERS** the parties to advise the undersigned when a discovery motion is contemplated

by either side, but only *after* the parties have conducted the good faith meet and confer required by the Eastern District of Michigan Local Rule 7.1(a). If those reasonable efforts have failed to resolve the matter, the parties shall provide the Court with a short joint statement (no more than two (2) pages) describing the impasse. If the Court deems it appropriate, the Court will then refer the matter to Magistrate Judge Davis for an informal discovery conference with the hope of avoiding excessive and/or unnecessary discovery motion practice.

The Court sets a status conference in this case for **Tuesday, November 1, 2016 at 2:00 p.m.**, at which time the Court will finalize the remaining scheduling order dates in this matter. One week in advance of the status conference, the parties shall submit to the Court a joint stipulated proposed scheduling order setting forth proposed final deadlines.

IT IS SO ORDERED.

_____
Paul D. Borman
United States District Judge

Dated: OCT 0 4 2016