UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,        Case No. 14-cv-11700

        Paul D. Borman
v.        United States District Judge

        Stephanie Dawkins Davis
        United States Magistrate Judge

POINTE PHYSICAL THERAPY, LLC,
et al.,

        Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT ANDREW RUDEN, M.D.'S MOTION TO APPOINT COUNSEL (ECF NO. 163)

Defendant Andrew Ruden, M.D. has filed a motion to appoint counsel. (ECF No. 163.) On November 1, 2016, the Court heard argument from Dr. Ruden on his request and finds that appointment of pro bono counsel is not appropriate at this stage of the litigation. "The court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). "The appointment of counsel in a civil proceeding is not a constitutional right and is justified only in exceptional circumstances." *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). *See also Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993) ("Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances."). "In determining whether 'exceptional circumstances' exist, courts have examined the type of case and the abilities of the plaintiff to represent himself." *Lavado*, 992 F.2d at 606 (internal quotation marks and citations omitted). The decision whether to appoint counsel rests within the sound discretion

1

of the district court. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985).

Dr. Ruden stated to the Court at the status conference on November 1, 2016, that he continues to practice as a physician and is earning income. Dr. Ruden has not demonstrated his financial inability to obtain counsel. In addition, Dr. Ruden is a well spoken, well educated individual who appears to the Court to comprehend the nature of the proceedings in this matter, which he attends regularly, and to understand the nature of the claims against him. *See United States S.E.C. v. Onyx Capital Advisors, LLC*, No. 10-11633, 2012 WL 1018913, at *3 (E.D. Mich. March 26, 2012) (denying defendant's motion to appoint counsel where defendant failed to demonstrate indigence and had argued on his own behalf and appeared to understand the facts at issue).

The Court finds that Dr. Ruden has failed to demonstrate exceptional circumstances that would justify the Court's appointment of pro bono counsel to assist him in his defense at this stage of the proceedings. Accordingly, the Court will DENY the motion to appoint counsel WITHOUT PREJUDICE.

IT IS SO ORDERED.

        s/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: November 2, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 2, 2016.

        s/Deborah Tofil  
        Case Manager