UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,                        Case No. 14-cv-11700

                                        Paul D. Borman
v.                                       United States District Judge

                                        Stephanie Dawkins Davis
                                        United States Magistrate Judge

POINTE PHYSICAL THERAPY, LLC,
et al.,

        Defendants.
_____/

OPINION AND ORDER (1) REJECTING NON-PARTY AFFILIATED
DIAGNOSTIC OF OAKLAND, LLC'S OBJECTION TO OPINION AND
ORDER DATED JUNE 12, 2017 DENYING MOTION TO QUASH TO
SUBPOENA (ECF NO. 236); and (2) AFFIRMING MAGISTRATE JUDGE
DAVIS'S JUNE 12, 2017 OPINION AND ORDER DENYING MOTION FOR
PROTECTIVE ORDERS and MOTION TO QUASH (ECF NO. 235)

On June 12, 2017, Magistrate Judge Davis issued an Opinion and Order (ECF No. 235) denying in part the Motion of non-party Affiliated Diagnostic of Oakland County's ("Affiliated") to Quash and/or for a Protective Order (ECF No. 183). On June 26, 2017, Affiliated filed an Objection to the Magistrate Judge's June 12, 2017 Opinion and Order, which is presently before the Court. (ECF No. 236.) For the

1

reasons that follow, the Court REJECTS Affiliated's Objection, and AFFIRMS the Magistrate Judge's June 12, 2017 Opinion and Order.

## II.     STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*).  See also *United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)).  The Sixth Circuit has noted that: "[t]he question

is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

### III. ANALYSIS

It has been established that bank records of certain third party entities are relevant and may be discoverable in this case. In her June 12, 2017 Opinion and Order, Magistrate Judge Davis held that Affiliated was such an entity whose relation

to the alleged fraudulent scheme had been adequately demonstrated so that Affiliated's bank records were relevant and discoverable. Affiliated Objects to this determination, asserting (with no factual support) that the Magistrate Judge "took a leap of faith," and based her ruling on "pure speculation and conjecture." (ECF No. 236, Objection 6, PgID 8946.) The Court rejects Affiliated's Objection and concludes that the Magistrate Judge's ruling that Affiliated's bank records are relevant and discoverable was neither clearly erroneous nor contrary to law.

As an initial matter, Affiliated's very general Objection fails to identify exactly where it claims the Magistrate Judge erred – that is to say that the Objection does not identify any particular factual finding that it disputes or any legal conclusion that it claims is contrary to law. Rather, Affiliated merely asserts, without explication, that State Farm is engaged in a "rambling exploration" in an endeavor "to determine whether a claim exists." (Objection 7, PgID 8947.) Such general assertions, which fail to direct this Court's attention to the particular aspects of the Magistrate Judge's Order that it claims are factually erroneous or contrary to law, are insufficient to warrant review.

In any event, the Court concludes that Magistrate Judge Davis gave sufficient factual basis for her determination regarding relevance, none of which is convincingly disputed by Affiliated in its Objection. The following support the Magistrate Judge's

4

findings related to Affiliated's alleged role in the alleged fraudulent scheme, and thus of the relevance of Affiliated's banking records to the issues in this case, and the need to discover financial information from Affiliated's banking institution: (1) evidence that suggests that Affiliated may be owned in part by Defendant Bazzi's daughter and that Defendant Bazzi may actually control the operations of Affiliated; (2) State Farm's inability to obtain through other means the financial information that would be necessary to establish the alleged fraudulent scheme; and (3) the absence of any articulated significant burden of compliance on Affiliated, given that the subpoena is directed to Affiliated's banking institution, Citizens Bank, N.A.

In addition, the recently-filed Affidavit of Dr. Ram Gunabalan, M.D. supports the suggestion of a tie between Affiliated and the alleged fraudulent scheme. (ECF No. 242, Corrected Affidavit of Dr. Ram Gunabalan ¶ 70.) The Magistrate Judge's finding of the relevance of Affiliated's financial banking records is neither clearly erroneous nor contrary to law.

## IV.   CONCLUSION

State Farm has sufficiently suggested Affiliated's relation to the alleged fraudulent scheme such that Affiliated's banking records are relevant and discoverable in this action. Magistrate Judge Davis's ruling denying Affiliated's motion to quash/and or for a protective order is neither clearly erroneous nor contrary law.

5

Accordingly, Affiliated's Objection is REJECTED, and the Magistrate Judge's June 12, 2017 Order is AFFIRMED.

IT IS SO ORDERED.

                                                s/Paul D. Borman
                                                PAUL D. BORMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: July 21, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2017.

                                                s/Deborah Tofil
                                                Case Manager