UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Plaintiff,                      Case No. 14-cv-11700

                                          Paul D. Borman
v.                                         United States District Judge

                                          Stephanie Dawkins Davis
                                          United States Magistrate Judge

POINTE PHYSICAL THERAPY, LLC,
et al.,

        Defendants.
_____/

OPINION AND ORDER:
(1) OVERRULING NON-PARTY MCM SOLUTIONS, INC.'S OBJECTION
(ECF NO. 299) TO MAGISTRATE JUDGE DAVIS'S NOVEMBER 3, 2017
OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL;
(2) AFFIRMING MAGISTRATE JUDGE DAVIS'S ORDER (ECF NO. 295); and
(3) ORDERING MCM TO FULLY COMPLY WITH THE TERMS OF THE
SUBPOENA WITHIN FOURTEEN DAYS OF THE DATE OF THIS ORDER
OR FACE SANCTIONS FOR NON-COMPLIANCE

On November 3, 2017, Magistrate Judge Davis issued an Opinion and Order (ECF No. 295) granting Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") motion to compel non-party MCM Solutions, Inc. ("MCM") to comply with a third party subpoena for documents served on MCM by

State Farm on July 20, 2017. On November 13, 2017, MCM filed an Objection to the Magistrate Judge's November 3, 2017 Opinion and Order, which is presently before the Court. (ECF No. 299, Objection.) For the reasons that follow, the Court OVERRULES MCM's Objection, AFFIRMS the Magistrate Judge's November 3, 2017 Opinion and Order, and ORDERS MCM to comply fully with the terms of the subpoena within fourteen (14) days of the date of this Order or face sanctions for noncompliance.

## II. STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a) both provide that a district judge must modify or set aside any portion of a magistrate judge's non-dispositive pretrial order found to be "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit Court of Appeals have stated that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948) (explaining the clearly erroneous standard under Rule 52(a)); *Hagaman v. Comm'r of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *U.S. Gypsum Co.*). *See also United States v. Mandycz*, 200 F.R.D. 353, 356 (E.D. Mich. 2001) (explaining the

standard under Rule 72(a)).

This standard does not empower a reviewing court to reverse the Magistrate Judge's finding because it would have decided the matter differently. *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (interpreting the clearly erroneous standard in Rule 52(a)). The Sixth Circuit has noted that: "[t]he question is not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw. Rather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich.1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "'An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Mattox v. Edelman*, No. 12-13762, 2014 WL 4829583, at *2 (E.D. Mich. Sept. 29, 2014) (quoting *Ford Motor Co. v. United States,* No. 08–12960, 2009 WL 2922875, at *1 (E.D. Mich.

Sept. 9, 2009)).

## III. ANALYSIS

State Farm alleges that the "undisputed evidence" produced in this case suggests that Defendant Amale Bazzi secretly owns and/or controls MCM (allegedly owned "on paper" by Bazzi's son-in-law Youssef Bakri) and has utilized MCM, and other third-party entities, to conceal her role in the fraudulent scheme at the heart of State Farm's Complaint. State Farm now seeks documents from non-party MCM, including communications and other business records of MCM, to enable State Farm to establish MCM's role in the alleged fraudulent scheme.

The Magistrate Judge, after hearing oral argument on State Farm's motion, correctly concluded that MCM's corporate records sought in State Farm's subpoena are not protected by Fifth Amendment privilege. MCM, a corporate entity, "may not . . . disregard [its] choice to incorporate, claim Fifth Amendment protection, and shield [its] business records from production." *In re Grand Jury Subpoena (John Doe, Inc.)*, 991 F. Supp. 2d 968, 976 (E.D. Mich. 2014). MCM's speculation that there may at some time be a criminal investigation involving Mr. Bakri, MCM's "incorporator," (Objection at 4, PgID 12694), does nothing to alter the correctness of this conclusion. MCM has no valid claim of Fifth Amendment privilege and must produce the requested documents.

4

As the Magistrate Judge noted, State Farm has explained in great detail the relevance of the subpoenaed documents to the fraudulent scheme alleged in the Complaint and MCM's role in the alleged scheme. The Magistrate Judge correctly observed that "[d]ocuments regarding the ownership of MCM and its employees will establish who actually owns MCM and purportedly works there, which is critical to unraveling the relationships between Defendants and third parties involved in the scheme." (ECF No. 295, Order at 6, PgID 12145.) The Magistrate Judge adequately supported her finding of proportionality and MCM fails to proffer any argument to establish undue burden related to complying with the subpoena.

## III. CONCLUSION

The Court concludes that Magistrate Judge Davis's November 3, 2017 Order is neither factually erroneous nor contrary to law. Accordingly, the Court OVERRULES MCM's Objection, AFFIRMS the Magistrate Judge's November 3, 2017 Order, and ORDERS MCM to fully comply with State Farm's subpoena within fourteen (14) days of the date of this Order or face sanctions for noncompliance.
IT IS SO ORDERED.

s/Paul D. Borman<br>
Paul D. Borman<br>
United States District Judge

Dated: November 27, 2017

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 27, 2017.

                                              s/Deborah Tofil
                                              Case Manager